IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OSIEL RUBIO, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-19-3729
 §
STATE FARM LLOYDS, §
 §
 Defendant. §

### MEMORANDUM OPINION AND ORDER

Plaintiff Osiel Rubio ("Plaintiff") sued Defendant State Farm Lloyds ("Defendant") in the 215th District Court of Harris County, Texas.[1] Defendant timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 5). For the reasons stated below, Plaintiff's Motion for Remand will be denied.

### I. Analysis

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction

---

[1]Defendant State Farm Lloyd's Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1; Plaintiff's Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-3, p. 5. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Ambiguities are to be construed against removal and in favor of remand. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Defendants removed this action based on the diversity of the parties and the original petition's statement that it seeks "relief over $200,000 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees."[3] Plaintiff contends the action should be remanded to state court because (1) the actual amount in controversy is less than $75,000, and (2) because Plaintiff has signed a binding stipulation that the amount in controversy is $75,000 or less.[4] Defendant argues that the amount stated in the Original Petition controls and that Plaintiff's stipulation does not defeat federal jurisdiction because he executed it after the case had already been removed. Plaintiff does not dispute that the parties have diverse citizenship.

If it is facially apparent that the plaintiff's claims exceed the jurisdictional amount, the diversity amount-in-controversy

---

[3]Notice of Removal, Docket Entry No. 1, p. 1; Plaintiff's Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-3, p. 5 ¶ 2.

[4]Plaintiff's Motion for Remand, Docket Entry No. 5, p. 4.

requirement is satisfied. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." Id. In state court, Texas Rule of Civil Procedure 47 generally requires plaintiffs to state in an original petition the range of monetary relief sought. Tex. R. Civ. P. 47(c). A plaintiff's declaration pursuant to Rule 47 that the suit seeks more than $75,000 satisfies the amount-in-controversy requirement for removal to federal court. Middlebrook v. SLM Financial Corp., CV No. 5:15-CV-237-DAE, 2015 WL 2401435, at *3 (W.D. Tex. May 20, 2015); Thelander v. Equifax Information Services LLC, Civil Case No. 3:14-CV-2650-P, 2014 WL 12596971, at *2 (N.D. Tex. Dec. 18, 2014); TFHSP LLC Series 605 v. Lakeview Loan Servicing, LLC, Civil Action No. 3:14-CV-1782-B, 2014 WL 5786949, at *3 (N.D. Tex. Nov. 3, 2014). Plaintiff's Rule 47 statement that the lawsuit seeks to recover $200,000 to $1,000,000 facially establishes an amount in controversy over $75,000.

Plaintiff argues that his pre-litigation demand letter shows that the true amount in controversy is less than $75,000. The demand letter sought $37,864.29 for damages, plus $4,300 for costs and attorney's fees.[5] It also threatened litigation under the Texas Deceptive Trade Practices Act where the damages would be subject to trebling, although Plaintiff stated he would not seek

---

[5]Demand Letter, Exhibit 1 to Motion to Remand, Docket Entry No. 5-1, p. 2.

more than $75,000 if he sued.[6] But that statement did not bind Plaintiff; a plaintiff must file a binding stipulation along with the complaint to conclusively establish the amount in controversy and avoid removal. See Tovar v. Target Corp., No. Civ. A. SA04CA0557XR, 2004 WL 2283536, at *3-4 (W.D. Tex. Oct. 7, 2004); Maley v. Design Benefits Plan, 125 F. Supp. 2d. 197, 200 (E.D. Tex. 2000). Disregarding the letter's non-binding promise, the letter includes a claim for treble damages plus attorney's fees, which exceed $75,000. Even if the statements in Plaintiff's original complaint did not control, the demand letter would suffice to prove the amount in controversy exceeds $75,000. See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1255 (5th Cir. 1998) (considering a demand letter to find the amount in controversy).

The stipulation that Plaintiff signed on October 22, 2019, stating that he does not seek an award exceeding $75,000, post-dates the action's removal on September 27, 2019.[7] A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. See, e.g., Mokhtari v. Geovera Specialty Insurance Co., Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015);

---

[6]Id.

[7]Notice of Removal, Docket Entry No. 1, p. 1; Binding Stipulation and Declaration of Osiel Rubio, Exhibit 2 to Plaintiff's Motion for Remand, Docket Entry No. 5-2, pp. 1-2.

Espinola-E v. Coahoma Chemical Co., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished). The stipulation must be filed in state court before removal because federal courts determine removal jurisdiction on the basis of the claims in state court as they existed at the time of removal. See Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 264 (5th Cir. 1995); Maley, 125 F. Supp. 2d at 200. A subsequent event that would reduce the amount in controversy to less than $75,000, such as a binding stipulation executed after removal, generally does not divest the court of diversity jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Because Plaintiff did not file his binding stipulation in state court before removal, the stipulation is not effective to defeat the court's jurisdiction. Id.; Flanagan v. Clarke Road Transport, Inc., Civil Action H-18-2324, 2018 WL 3869968, at *2 (S.D. Tex. Aug. 15, 2018).

## II. Conclusions and Order

The court concludes it has diversity jurisdiction over this action because the parties are diverse and the amount in controversy exceeded $75,000 at the time of removal. Accordingly, Plaintiff's Motion for Remand (Docket Entry No. 5) is **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of November, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE